1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10

11

| | |
|---|---|
| GREGORY ELL SHEHEE, | CASE NO. 1:14-cv-00623-AWI-MJS |
| Plaintiff, | ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A COGNIZALBE CLAIM |
| v. | |
| ISABLE S. ORTEGA, | (ECF NO. 1) |
| Defendant. | AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |

**SCREENING ORDER**

**I.    PROCEDURAL HISTORY**

Plaintiff Gregory Ell Shehee, a civil detainee proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 28, 2014. (ECF No. 1.)  His Complaint is now before the Court for screening.

**II.    SCREENING REQUIREMENT**

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of the Complaint for sufficiency to state a claim.  The Court must dismiss a complaint or portion thereof if it determines that the action has raised claims that are legally "frivolous or malicious," "fails to state a claim upon which relief may be granted," or that seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. §

1

1915(e)(2)(B).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

## III.    SUMMARY OF COMPLAINT

Plaintiff names Isable S. Ortega, a Correctional Case Records Analyst at Coalinga State Hospital, as the sole Defendant.  The Complaint has a single discernable allegation: In retaliation against Plaintiff for having filed complaints against hospital staff, Defendant Ortega refused to produce documents during the discovery phase of a state court proceeding involving Plaintiff.  (Compl. at 2.)  The rest of the Complaint appears to be excerpts of motions to compel the disclosure of information in the state court action.

## IV.    ANALYSIS

### A.    Pleading Requirement

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States."  Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct.

1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id.  Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not.  Id. at 1949-50.

Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, the complaint or amended complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

The Complaint alleges that Defendant Ortega withheld documents during discovery in retaliation against Plaintiff for his having filed grievances.  As far as the Court can tell Plaintiff alleges no other facts in support of his claim.  No factual summary of the events underlying Plaintiff's claim is provided in the Complaint.  As pled, it does not reflect a cognizable claim.

Before the Court can evaluate the potential viability of Plaintiff's claims, Plaintiff must describe what happened to him in sufficient detail to enable the Court to understand what constitutional violation is alleged to have occurred, when, where, how, and why.  Plaintiff's single statement that Defendant Ortega violated his rights is not sufficient to state a claim.  Iqbal, 129 S.Ct. at 1949.

The Court will grant leave to amend.  To state a claim Plaintiff must clearly identify the claims he intends to pursue, the relief desired, and, most importantly, the factual basis for his claims.  The following section of this order includes the legal standard for retaliation.

**B.    Retaliation**

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim.  Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011); see also Valandingham v. Bojorquez, 866 F.2d 1135

1    (9th Cir. 1989); <u>Pratt v. Rowland</u>, 65 F.3d 802, 807 (9th Cir. 1995); <u>and Short v.</u>

2    <u>Sanzberro</u>, 2009 WL 5110676, *5 (E.D. Cal. Dec. 18, 2009) ("Civil detainees are

3    protected from retaliation by the First Amendment."). "Within the prison context, a viable

4    claim of First Amendment retaliation entails five basic elements: (1) An assertion that a

5    state actor took some adverse action against an inmate (2) because of (3) that prisoner's

6    protected conduct, and that such action (4) chilled the inmate's exercise of his First

7    Amendment rights, and (5) the action did not reasonably advance a legitimate

8    correctional goal." <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567-68 (9th Cir. 2005); <u>accord</u>

9    <u>Watison v. Carter</u>, 668 F.3d 1108, 1114-15 (9th Cir. 2012); <u>Silva</u>, 658 at 1104; <u>Brodheim</u>

10   <u>v. Cry</u>, 584 F.3d 1262, 1269 (9th Cir. 2009).

11          Plaintiff must carefully set out the relevant factual allegations in chronological

12   order.  He must identify each adverse act, the Defendant responsible, and explain how

13   the protected conduct was a "'substantial' or 'motivating' factor behind the defendant's

14   conduct." <u>Brodheim</u>, 584 F.3d at 1271 (<u>citing</u> <u>Soranno's Gasco, Inc. v. Morgan</u>, 874

15   F.2d 1310, 1314 (9th Cir. 1989)).  Although it can be difficult to establish the motive or

16   intent of the defendant, a plaintiff may rely on circumstantial evidence. <u>Bruce v. Ylst</u>, 351

17   F.3d 1283, 1289 (9th Cir. 2003) (finding that a prisoner established a triable issue of fact

18   regarding prison officials' retaliatory motives by raising issues of suspect timing,

19   evidence, and statements); <u>Hines v. Gomez</u>, 108 F.3d 265, 267-68 (9th Cir. 1997); <u>Pratt</u>,

20   65 F.3d at 808 ("timing can properly be considered as circumstantial evidence of

21   retaliatory intent").  Plaintiff must allege specific facts demonstrating that a Defendant

22   committed an adverse act because of Plaintiff's First Amendment activity.  The adverse

23   action must not have reasonably advanced a legitimate correctional goal.

24   **V.    CONCLUSION AND ORDER**

25          Plaintiff's Complaint does not state a claim for relief.  The Court will grant Plaintiff

26   an opportunity to file an amended complaint. <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49

27   (9th Cir. 1987).  If Plaintiff opts to amend, he must demonstrate that the alleged acts

28   resulted in a deprivation of his constitutional rights. <u>Iqbal</u>, 129 S.Ct. at 1948-49.  Plaintiff

1    must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'"

2    Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)).  Plaintiff must also demonstrate

3    that each named Defendant personally participated in a deprivation of his rights.  Jones

4    v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

5         Plaintiff should note that although he has been given the opportunity to amend, it

6    is not for the purposes of adding new claims.  George v. Smith, 507 F.3d 605, 607 (7th

7    Cir. 2007).  Plaintiff should carefully read this Screening Order and focus his efforts on

8    curing the deficiencies set forth above.

9         Finally, Plaintiff is advised that Local Rule 220 requires that an amended

10   complaint be complete in itself without reference to any prior pleading.  As a general

11   rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

12   F.2d 55, 57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint

13   no longer serves any function in the case.  Therefore, in an amended complaint, as in an

14   original complaint, each claim and the involvement of each defendant must be

15   sufficiently alleged.  The amended complaint should be clearly and boldly titled "First

16   Amended Complaint," refer to the appropriate case number, and be an original signed

17   under penalty of perjury.  Plaintiff's amended complaint should be brief.  Fed. R. Civ. P.

18   8(a).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a

19   right to relief above the speculative level . . . ."  Twombly, 550 U.S. at 555 (citations

20   omitted).

21        Accordingly, it is HEREBY ORDERED that:

22        1.    The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form

23   and (2) a copy of his Complaint, filed April 28, 2014;

24        2.    Plaintiff's Complaint is dismissed for failure to state a claim upon which

25   relief may be granted;

26        3.    Plaintiff shall file an amended complaint within thirty (30) days; and

27        4.    If Plaintiff fails to file an amended complaint in compliance with this order,

28   the Court will recommend that this action be dismissed, with prejudice, for failure to state

a claim and failure to comply with a court order.

IT IS SO ORDERED.

Dated:   May 30, 2014 _____            ___/s/ *Michael J. Seng*___
                                        UNITED STATES MAGISTRATE JUDGE

6